UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MECHEAL HENDRIX,

    Petitioner,

v.                                              Case No. 4:21cv102-AW-HTC

SECRETARY, FLORIDA
  DEPARTMENT OF CORRECTIONS,
and FLORIDA ATTORNEY GENERAL,

    Respondents.

_____/

## ORDER

This matter is before the Court on a filing by Mecheal Hendrix, which he titled "Leave to File – Beyond the Page Limit for 28 U.S.C. § 2254 Petition." ECF Doc. 1 at 1. The document was docketed by the clerk as a habeas petition under 28 U.S.C. § 2254, and the matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon review, the undersigned recommends this case be dismissed without prejudice for lack of jurisdiction as no petition has been filed.[1]

---

[1] To the extent Petitioner is ready to file a petition, then he should file it as a new action, along with a motion to exceed page limitation. He should also accompany the petition with a motion to proceed *in forma pauperis* or the $5.00 filing fee. A petition filed in this action would not relate back to the date the motion was filed.

Petitioner is a Florida state prisoner currently incarcerated at Wakulla Correctional Facility, based on a criminal conviction and judgment in Leon County, Florida. *See State of Florida v. Hendrix*, 2013-CF-003882.[2] In his motion, Hendrix admits he has not yet filed a federal habeas petition and, is "currently preparing" one. ECF Doc. 1 at 2. Hendrix requests permission to exceed the page limit when he does file a petition.

However, the Court is presently without jurisdiction to grant the relief Hendrix seeks. Petitioner must file a habeas corpus petition in this Court before the Court may act upon either his substantive claims or on any requests regarding the petition. *See, e.g., Sisneros v. Biter*, No. CV 12-0756-PA MLG, 2012 WL 395758, at *1 (C.D. Cal. Feb. 6, 2012) (citing several cases dismissing a similar action for lack of jurisdiction); *Kline v. Fla.*, No. 3:20CV5422-LC-HTC, 2020 WL 2515949, at *2 (N.D. Fla. Apr. 30, 2020), *report and recommendation adopted,* No. 3:20CV5422-LC-HTC, 2020 WL 2514875 (N.D. Fla. May 15, 2020).

Also, this is not a case where the Court can simply construe this as a defective habeas petition. Habeas Rule 2(c) places five specific requirements on federal habeas petitions, including requirements that the petition "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; [and]

---

[2] Available at
https://cvweb.leonclerk.com/public/online_services/search_courts/process.asp?report=full_view
&caseid=2601653&jiscaseid=997790&defseq=B&chargeseq=1&secret=1

Case No. 4:21cv102-AW-HTC

(3) state the relief requested." Rules Governing § 2254 Cases, Rule 2. Habeas Rule 2(d) also requires that § 2254 petitions "substantially follow" standard forms for such petitions. The filed motion for extension of time does not satisfy any of these requirements.

The Advisory Committee Notes regarding the 2004 amendments to Habeas Rule 2 address the procedure for handling "defective" habeas petitions and states that "the better procedure [is] to accept the defective petition and require the petitioner to submit a corrected petition that conforms to Rule 2(c)" rather than to return an insufficient petition without filing it. However, in Hendrix's case, as in the Texas district court case in *Jones*, "the instant motion does not contain even one of the elements of a petition. It makes absolutely no reference to any grounds for relief pursuant to § 2254, provides no facts at all to support any such grounds for relief, and does not state the relief to be sought through a habeas petition. It is merely a request to exceed the page limitation in Local Rule 5.7(B). Thus, the Court cannot construe the motion as a defective § 2254 petition." *Jones*, 2008 WL 5264874, at *2.

Because this action should be denied for lack of jurisdiction, and Hendrix does not presently have a valid § 2254 petition before the Court, the undersigned recommends the case be dismissed *sua sponte*. A court does not err by *sua sponte* dismissing a § 2254 case as long as it gives petitioner notice of its decision and an opportunity to be heard in opposition. *See Valdez v. Montgomery*, 918 F.3d 687,

Case No. 4:21cv102-AW-HTC

693 (9th Cir. 2019) (holding that the district court did not err by *sua sponte* dismissing a plainly untimely § 2254 petition where the court provided the petitioner with "adequate notice and an opportunity to respond") (quotation marks omitted).

This Report and Recommendation provides Hendrix an opportunity to file objections and, thus, affords Hendrix both notice and a reasonable opportunity to respond. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 655 (11th Cir. 2020) (petitioner was "provided ample notice and opportunity to explain why his petition was timely in his form petition and again when he was given the opportunity to respond to the magistrate judge's Report and Recommendation that his petition be summarily dismissed as untimely.") (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (holding that plaintiff "was afforded both notice and a reasonable opportunity to oppose" procedural default when he was given an opportunity to object to the magistrate judge's Report and Recommendation that "placed [him] on notice that procedural default was a potentially dispositive issue")).

The undersigned also finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Here, because a petition has not even been filed, an evidentiary hearing is not warranted.

Case No. 4:21cv102-AW-HTC

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE.

2. That a Certificate of Appealability be DENIED.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 1st day of March, 2021.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 4:21cv102-AW-HTC